UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA JOY HARRY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____/

Case No. 19-cv-13245

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER OVERRULING DEFENDANT'S OBJECTION [#19]; ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#18]; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#15]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#16]; REMANDING THIS CASE TO THE ADMINISTRATIVE LAW JUDGE FOR FURTHER PROCEEDINGS

### I. INTRODUCTION

This matter is before the Court on Plaintiff Sarah Joy Harry's ("Plaintiff") and Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for Summary Judgment. The Court referred this matter to Magistrate Judge David R. Grand, who issued a Report and Recommendation on December 21, 2020, recommending that the Court deny Defendant's Motion for Summary Judgment (ECF No. 16), grant in part Plaintiff's Motion for Summary Judgment Motion (ECF No. 15) to the extent it seeks remand, and deny in part Plaintiff's Motion to the extent it seeks an award of benefits, and that pursuant to the fourth sentence of 42 U.S.C.

§ 405(g), this case be remanded for further proceedings.  ECF No. 18.  Defendant has filed a timely Objection to that Report and Recommendation.  ECF No. 19. Plaintiff filed her Response to this Objection on January 5, 2021.  ECF No. 20.

Presently before the Court is Defendant's Objection to Magistrate Judge Grand's Report and Recommendation.  Upon review of the parties' briefing, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve this matter on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court concludes that Magistrate Judge Grand reached the correct conclusion.  The Court will therefore **OVERRULE** Defendant's Objection [#19], **ACCEPT** and **ADOPT** the Report and Recommendation [#18], **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Summary Judgment [#15], and **DENY** Defendant's Motion for Summary Judgment [#16].  Accordingly, the Court concludes that this case should be remanded to the Administrative Law Judge for further proceedings.

## II. BACKGROUND

Magistrate Judge Grand's Report and Recommendation set forth the relevant background in this case.  The Court will adopt those findings here:

> Harry was 30 years old at the time of her alleged onset date of May 22, 2015, and at 5' tall weighed approximately 180 pounds during the relevant time period. She completed high school and college. Previously, she worked as a customer service representative, nanny, and in music instrument sales, but she lost her job in August of 2014 for missing too much work due to her medical conditions. She now

alleges disability primarily as a result of multiple sclerosis, as well as optical neuritis, and depression.

After Harry's applications for DIB and SSI were denied at the initial level, she timely requested an administrative hearing, which was held on August 15, 2018, before ALJ Robert Tjapkes. Harry, who was represented by attorney Matthew Taylor, testified at the hearing, as did vocational expert ("VE") Guy Hostetler. On October 24, 2018, the ALJ issued a written decision finding that Harry is not disabled under the Act. On October 8, 2019, the Appeals Council denied review. Harry timely filed for judicial review of the final decision on November 4, 2019.

ECF No. 18, PageID.6181 (internal citations and footnote omitted).

Magistrate Judge Grand then went on to summarize the ALJ findings as

follows:

[T]he ALJ found that Harry is not disabled under the Act. At Step One, the ALJ found that she has not engaged in substantial gainful activity since August 11, 2014 (the original alleged onset date). At Step Two, the ALJ found that Harry has the severe impairments of multiple sclerosis ("MS") and depression. At Step Three, the ALJ found that her impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment.

The ALJ then assessed Harry's residual functional capacity ("RFC"), concluding that she is capable of performing sedentary work, with the following additional limitations: cannot climb ladders, ropes, or scaffolds; cannot work around hazards, such as unprotected heights or unguarded moving machinery; can have no exposure to extremes of heat or humidity; must be able to use a cane for ambulation; no fast-paced or production rate work; capable of only simple, routine tasks; requires indoor work, with access to a bathroom; and there can be no requirement for far visual acuity.

At Step Four, the ALJ found that Harry is not able to perform any of her past relevant work. At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions,

that Harry is capable of performing the jobs of food and beverage order clerk (176,850 jobs nationally) and surveillance system monitor (18,770 jobs). As a result, the ALJ concluded that Harry is not disabled under the Act.

*Id.* at PageID.683–84 (internal citations omitted).

## II. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district court's review is restricted solely to determining whether the 'Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the

4

reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

## III. DISCUSSION

Defendant raises one objection to Magistrate Judge Grand's December 21, 2020 Report and Recommendation.  Defendant argues that contrary to Magistrate Judge Grand's finding, the ALJ properly discounted PA Nicole Cooke's opinion because it was an "unsupported, unexplained and internally inconsistent opinion from a non-acceptable medical source."  ECF No. 19, PageID.699.  Specifically, Defendant asserts that Magistrate Judge Grand erred in evaluating each of the ALJ's stated reasons to not give weight to Cook's opinion.  *Id.* at PageID.700.  Defendant summarized the reasons for the ALJ's rejection of Cook's opinion as follows:

- "Ms. Cook did not provide any support for her opinion or even give a diagnosis on the form";

- "She did not explain the basis for her opinion"; and

- "[She did not] resolve the internal conflict within [her opinion]."

*Id.* (quoting ECF No. 11-2, PageID.51).

Defendant first emphasizes that the ALJ did not reject PA Cook's opinion "merely because it failed to list a diagnosis; rather, the ALJ rejected the opinion because 'Ms. Cook did not provide any support for it.'"  *Id.* at PageID.700 (citing ECF No. 11-2, PageID.51).  Defendant asserts that the missing diagnosis only highlighted the "total lack of support" for PA Cook's opinion.  *Id.*  As the Report

and Recommendation explains, however, Plaintiff's MS diagnosis—which the ALJ recognized is Plaintiff's only severe physical impairment—is noted frequently in her treatment records.  For example, in PA Cook's first sentence in the "chief complaint" section from June 5, 2018, she denotes that "Pt is here for a check up of her MS." ECF No. 11-7, PageID.529.  PA Cook references Plaintiff's condition several other times throughout her encounter date notes.  *See id.* at PageID.569, 578.  The Court agrees with Magistrate Judge Grand that PA Cook was "intimately familiar" with Plaintiff's diagnosis when she issued her restriction in this case.  *See* ECF No. 18, PageID.692.  The Court thus agrees with Magistrate Judge Grand's conclusion that the ALJ erred in rejecting PA Cook's opinion because she did not specify a diagnosis on the form at issue.

Defendant next argues that the Report and Recommendation "goes too far when it tries to supply the support and explanation that is missing" from PA Cook's opinion.  *Id.* at PageID.702.  Defendant asserts that there was no reason for Magistrate Judge Grand, or the ALJ, to "scour the record in an effort to save Ms. Cook's opinion[.]"  *Id.*  According to Defendant, "none of the evidence [ ] shows that [plaintiff] would in fact miss 5-6 workdays per month."  *Id.* at PageID.701 (citing ECF No.1 6, PageID.600) (alterations in original).  The Court disagrees and finds that Magistrate Judge Grand's review of PA Cook's treatment notes sufficiently demonstrates the basis of her opinion, including Plaintiff's ongoing

6

reports of fatigue and weakness.  *See* ECF No. 18, PageID.693.  The Court also finds

that Dr. Barbara Jones-Smith's determination that Plaintiff "retains the mental

residual capacity to perform step one/two tasks on a sustained basis," ECF No. 11-

3, PageID.112, is not enough to contradict PA Cook's opinion.[1]  As explained in the

Report and Recommendation, PA Cook's noted restrictions are not only supported

by her treatment notes, but also other medical sources in the provided record, as well

as Plaintiff's testimony that she was terminated form her last employment for

missing too many days of work.  ECF No. 18, PageID.693.  Notably, Defendant does

not provide any case law, controlling or otherwise, to support its argument that the

Report and Recommendation impermissibly cites to PA Cook's treatment notes and

other medical records to support PA Cook's opinion.

The Court also disagrees with Defendant's assertion that PA Cook's failure to

support her opinion would render any error in the ALJ's assessment of the opinion

"harmless."  *See* ECF No. 19, PageID.701 (citing *Hernandez v. Comm'r of Soc. Sec.*,

644 F. App'x 468, 474–75 (6th Cir. 2016)).  Unlike the Sixth Circuit's determination

of the medical source statement at issue in *Hernandez*, this Court does not find that

PA Cook's opinion is "weak evidence at best."  *Hernandez*, 644 F. App'x at 475.

---

[1]  The Report and Recommendation did not issue a specific recommendation
concerning Plaintiff's arguments as to the ALJ's reliance on reviewing psychologist
Barbara Jones-Smith.  ECF No. 18, PageID.690 n.2 ("Because the Court finds that
the ALJ erred in giving 'no weight' to the opinion of PA Cook, and thus that remand
is required on that basis, it need not address the merits of these arguments in detail."

Indeed, while the *Hernandez* court agreed with the ALJ in determining that the medical source statement was not supported by objective medical evidence in the record, the medical evidence in this matter aligns with PA Cook's treatment notes to explain the basis of her opinion. The Court emphasizes that substantial errors, such as ignoring evidence in the record, are not harmless. *See Schacht v. Colvin*, No. 15-10251, 2016 WL 2733140, at *3 (E.D. Mich. May 5, 2016) (citations omitted).

Lastly, Defendant contends that the Report and Recommendation errs in rejecting the ALJ's finding that PA Cook's opinion was internally inconsistent. ECF No. 19, PageID.703 (citing ECF No. 18, PageID.694). It asserts that the Report and Recommendation "assumes too much" in concluding that it was "reasonable to assume that PA Cook was opining that, while in remission, [Plaintiff] would be able to perform sedentary employment for 8 hours on any particular day, but that [Plaintiff] could be expected to be absent from work 5-6 days per month due to one or more MS flare-ups or relapses." *Id.* (citing ECF No. 18, PageID.694). Defendant does not provide any case law to support its last argument regarding PA Cook's allegedly internal inconsistent opinion. Rather, Defendant cites to PA Cook's opinion and her treatment notes to emphasize that she consistently described Plaintiff as "stable." *Id.* Defendant highlights that PA Cook's notes do not reference any acute MS flare-ups. *Id.*

Upon careful review of the record and the Report and Recommendation, the Court agrees with Magistrate Judge Grand that it is "simply not reasonable to assume PA Cook contradicted herself in the manner assumed by the ALJ." ECF No. 18, PageID.694. As Magistrate Judge Grand denoted, Plaintiff's medical providers indicated that a MS diagnosis includes both relapses and periods of partial or complete remission. *Id.* For example, Dr. Sanjeev Maniar observed and diagnosed Plaintiff's relapsing on December 31, 2015. ECF No. 11-7, PageID.407. Moreover, in PA Cook's treatment notes, she indicates that Plaintiff experienced flare-ups "around once a month," which "seem to happen randomly." ECF No. 11-8, PageID.566.

In sum, the Court agrees with Magistrate Judge Grand's conclusion that the ALJ's decision to reject PA Cook's opinion is not supported by substantial evidence and is not the product of an even and thorough weight of the competing evidence in the record. Remand is therefore warranted in this matter.

Accordingly, the Court will overrule Defendant's Objection [#19].

## IV. CONCLUSION & ORDER

For the reasons stated herein, the Court **OVERRULES** Defendant's Objection [#19] to Magistrate Judge Grand's December 21, 2021 Report and Recommendation [#18]. Upon review of the Report and Recommendation, the Court concludes that Magistrate Judge Grand reached the correct decision.

The Court hereby **ACCEPTS and ADOPTS** the Report and Recommendation [#18] as this Court's findings of fact and conclusions of law. Plaintiff's Motion for Summary Judgment [#15] is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion for Summary Judgment [#16] is **DENIED**. This case is remanded to the Administrative Law Judge for further proceedings.

**IT IS SO ORDERED.**

Dated: March 1, 2021

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 1, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager